## Shackelford and Cowgill v. Commonwealth.

(Decided June 20, 1919.)

### Appeal from McLean Circuit Court.

1. **Obstructing Justice—Defective Indictment.—Where during the** trial of one charged with felony and after the submission of the case to the jury, one of the jurors engages in conversation with the sheriff of the county, an indictment charging said juror and· sheriff with the crime of obstructing justice is defective where it fails to charge that the conversation or communication between said juror and the sheriff pertained to a matter or subject connected with the trial, and where it is not charged that said communication was out of the hearing or presence of the officer in charge of the jury.

2. **Obstructing Justice—Interference With Deliberation of Jury.—** A sheriff who obligates himself to faithfully discharge and execute the duties of his office should not interfere with or disturb a jury or jurors having under consideration the trial of any cause.

3. **Obstructing Justice—Conversation With Juror by Sheriff.**—The conduct of a sheriff in talking to a juror in a criminal proceeding is very reprehensible, however innocent said officer may have been of any intentional wrongdoing. He should avoid all appearance of evil or wrongdoing and should not disturb or interfere with the jury or jurors while they are considering a pending case.

4. **Obstructing Justice—What Offense Consists of.**—Obstructing justice means impeding or obstructing those who seek justice in a court, or those who have duties or powers of administering justice therein.

JOE H. MILLER, R. ALEXANDER and LOUIS I. IGLEHEART for appellants.

CHARLES H. MORRIS, Attorney General, and C. E. SMITH for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Upon the trial of an indictment charging them with the crime of obstructing justice the appellants were found guilty; Shackelford's fine was fixed at $429.25 and 48 days in jail; Cowgill was fined $221.00 and 23 days in jail, and to reverse the judgments entered pursuant to said verdicts this appeal has been prosecuted.

Shackelford was sheriff of McLean county, and Cowgill was a member of the jury that had been selected to try the case of Commonwealth v. Mans Gibson, for voluntary manslaughter. On the second day of the trial, and after the case had been submitted to the jury, the jury was placed in the custody of James Glenn, a deputy sheriff, who had been theretofore sworn during the trial and was ordered to keep the jurors together. Lodging had been provided for the jury in a room at the Capital Hotel, in the town of Calhoun, and between ten and eleven o'clock on the night in question Shackelford went to the room occupied by the jurors and took with him certain musicians, and while the musical instruments were being played it is charged that Shackelford had a conversation with Cowgill in a corner of the room out of the hearing of the remainder of said jurors; that after the musicians left, Shackelford took Cowgill into another room, where he was separated from the remainder of the jury, and out of the presence, sight and hearing of the remainder of said jury, and there remained for several minutes, and on account of this conduct they willfully

and unlawfully obstructed the action of the McLean circuit court, then and there engaged in the Gibson trial

The foregoing is the substance of the indictment; but for its length we would copy it in full. We are not advised as to the result of the Gibson trial.

One of the points urged for reversal is the error of the circuit court in overruling a demurrer to this indictment, and having concluded the court did so err it will be unnecessary for us to discuss the other points raised by appellants.

The phrase "obstructing justice" means impeding or obstructing those who seek justice in a court, or those who have duties or powers of administering justice therein. 29 Cyc. 1326.

By federal statute it is made an offense to impede or obstruct, by threats or violence, the due administration of justice in any United States court. Under this statute if the unlawful act done with reference to a particular cause pending or contemplated to be brought before a United States court, does not obstruct the administration of justice therein, no offense is committed, although the evil intent of the unlawful act may militate against the administration of justice in some other cause. U. S. v. McLeod, 119 Fed. 416, 29 Cyc. 1332.

The due course of justice means not only the due conviction and punishment, or the due acquittal and discharge of an accused person as justice may require, but it also means the due course of proceedings in the administration of justice. By obstructing those proceedings public justice is obstructed. 8 R. C. L. 319.

In Gregory's Criminal Law, sec. 233, the author states: "Aside from numerous specific offenses affecting the due course of justice, the common law offense of obstructing justice, is still in force in Kentucky. Though rather seldomly invoked, common observation admonishes us that the occasions, when it should be applied to remedy reprehensible practices affecting both civil and criminal cases, are not infrequent. With comprehensiveness that is all embracing and punishment admitting the nicest degree of adjustment, both as to amount of fine and imprisonment, resort to prosecution for these offenses affords a most effective remedy for much of the trickery and corruption, that tend to defeat justice, discredit the law and its officers and pollute the whole course of judicial procedure."

As defined by the foregoing citations, we are satisfied the indictment under consideration was insufficient to charge appellants with the crime of obstructing justice.

It is defective in many respects. It does not charge that the conversation between the appellants pertained in any wise to any subject connected with the trial as is prohibited by secs. 245 and 246 of the Criminal Code.

As said in Canter v. Commonwealth, 176 Ky. 360, ''It has, however, never been held, that to speak to a juror upon a subject not connected with the trial is a ground for reversal of the verdict, or that such communication, when made in the presence of the officer in charge and the other jurors, has never been held to be of such prejudicial character as to warrant setting aside the verdict of the jury.''

Instead of a concert a card game was provided for the amusement of the jurors in the Canter case, the jailer being an invited guest. A reversal was asked because the presence of the jailer violated sec. 2257 of the Ky. Stats., which provides: ''No sheriff or other officer shall converse with the jury, or any member thereof, upon any subject after they have been sworn, without leave of court.''

Answering this point the court says:

''This statute seems to be directed principally to the conduct of the officer, and is one of the safeguards, which the law attempts to throw around the juries to protect their verdicts, and, without question, should be rigidly enforced, and the officer who violated it should be held to a strict accountability, but if the conversation held by the officer with the jury was upon a subject not connected with the trial, in any way, it is impossible to see how such a conversation could prejudice the substantial rights of one on trial for a crime.''

In this same case one of the jurors was allowed to converse with his wife over the telephone, and while condemning the practice, it was held insufficient ground to authorize a reversal.

During a murder trial the jailer of the county arrested, for drunkenness, a son of one of the jurors, and, while he was under arrest, took the boy, at his request, to see his father, who was at a hotel with the other jurors in the custody of the sheriff, and this was held in Mansfield v. Commonwealth, 163 Ky. 488, not to be misconduct

on the part of the officer. Nor was it misconduct to take the jury to a picture show on three different nights during the trial. See also Deacon v. Commonwealth, 162 Ky. 188.

It is not charged that Shackelford made any effort to influence Cowgill to render a verdict either for acquittal or conviction. Nor is it shown that he visited the hotel for any unlawful purpose; indeed there is no specification or charge of any wrongdoing.

Though appellants did converse with each other on the night referred to, it is not charged that the deputy sheriff was not present, and in hearing distance all the while. In Johnson v. Commonwealth, 179 Ky. 40, it appears that while a jury was in charge of the sheriff, one of the jurors was permitted to talk to a person other than a members of the jury, and two or more of the jury were permitted to enter a drug store and thereby separate themselves from the remaining members of the jury. It was urged the jury should have been discharged because an opportunity was presented for the jurors to discuss the case with strangers, or other persons, if they had been so minded. Concluding that the conversation mentioned had no connection with the case, and that the jurors who went in the drug store were at all times within view of the sheriff, the judgment was affirmed.

A contrary rule prevails where the separation is such that the jury is not in sight of the officers in charge. French v. Commonwealth, 100 Ky. 63; Vinegar v. Commonwealth, 104 Ky. 106; Campbell v. Commonwealth, 162 Ky. 106.

While approving the rigidity of the rule against permitting a separation of the jury in a case where capital punishment may be inflicted this court, in Barnes v. Commonwealth, 179 Ky. 725, and Cox v. Commonwealth, 181 Ky. 433, held that a separation of the jury in each of those cases was not sufficient to authorize a reversal. To same effect see Minor v. Commonwealth, 5 R. 176, and VanDalsen v. Commonwealth, 28 R. 238.

The indictment in Commonwealth v. Berry, 141 Ky. 477, is quite different from the one here involved. It was there charged that defendant, by persuading, contriving and intending to impede and obstruct an investigation before the grand jury, did unlawfully and corruptly en-

tice, solicit and persuade one Moore to absent himself from the county, and not appear before the grand jury. The court very properly held the indictment to be good. The law does not tolerate that its proceedings shall be stifled and that enticing away a witness to stifle prosecution is none the less an offense because done before the grand jury is impaneled.

The conduct of the appellants was very reprehensible. A due regard for the duties and responsibilities of his high office should have prompted Shackelford not to disturb the jurors. One of his position, in the conduct of his office, should avoid the mere semblance of any wrongdoing, especially in his relation with jurors. Before entering upon his duties a sheriff is required to take an oath that he will do right, in all things belonging to his office, that he will do no wrong to any one and in all things to faithfully execute the duties of his office.

Courts were created to protect life and property and to guard and to preserve those rights, sacred alike to all, established and guaranteed by the Constitution and Statutes.

The happiness and well being of society and the perpetuity of our institutions depend upon the integrity, independence, conservatism and courage of the courts and their officers in upholding the majesty of the law. The jury through all the ages since Magna Charta has been retained as an essential part of the judicial system. Of like importance to the Commonwealth and the accused this safeguard of the ancient law must be shielded and held inviolate. It is impossible to keep the fountains of justice clean and pure, unless the jury is free from contamination and influence. See Poindexter v. Arkansas, 109 Ark. 179, 159 S. W. 197.

While the conduct of the appellants in the respect referred to was irregular and improper it is not shown that the trial or anything relating thereto was discussed or even mentioned and for this and other reasons herein referred to the indictment is not sufficient to show they so hindered, retarded or interfered with the due administration of justice as to charge them with the crime of obstructing justice. Accordingly the judgment appealed from will be reversed with instructions to sustain the demurrer to the indictment.