## Skillian v. Commonwealth.

(Decided January 16, 1925.)

### Appeal from McCracken Circuit Court.

1. Conspiracy—Direct Evidence to Establish Not Essential.—Direct evidence of existence of a conspiracy is not essential but its existence may be shown by facts and circumstances.

2. Criminal Law—Evidence Held to Make Prima Facie Case of Conspiracy.—Evidence on trial for conspiracy to commit murder held

to make prima facie case of conspiracy, so as to render threats and statements of defendant's coconspirator admissible.

3. Criminal Law—Evidence of Threats and Statements Made by Defendant's Accomplice Admissible, where Conspiracy to Commit Murder Established.—Where evidence in prosecution for murder justified a finding of conspiracy, court did not err in admitting evidence of threats and other statements made by accomplice of defendant outside her presence, if made at a time when such conspiracy existed and before its execution.

4. Criminal Law—When Act and Speeches of Conspirator Admissible Against Coconspirator Stated.—When two persons enter into an unlawful conspiracy, conduct and speeches of one in pursuance thereof are competent against coconspirator, even though done and said outside his presence, but only after there has been made out by Commonwealth a prima facie case of conspiracy by evidence which would justify a verdict of its existence independently of acts and speeches of other conspirator outside presence of one on trial.

5. Criminal Law—Court's Duty to Charge as to Acts and Statements of Conspirator.—Where the court admits acts and statements of person other than defendant on theory of conspiracy it is its duty to charge that jury may consider such acts and statements, if they believe beyond a reasonable doubt from the other evidence that a conspiracy existed, but if they do not so believe they will not consider such acts and statements.

6. Criminal Law—Instruction Dealing with Question of Corroboration of Testimony of Accomplice Held Inapplicable.—In murder prosecution, instruction dealing with question of corroboration of testimony of an accomplice was inapplicable, where no one appearing to have been an accomplice of defendant testified.

REED & BURNS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant on her separate trial was convicted and sentenced to life imprisonment under an indictment charging her and Henrietta Wagner with entering into a conspiracy to murder Rosetta Warren, and that as a result of such conspiracy Henrietta Wagner placed dynamite or other high explosive under or near the house where Rosetta Warren was sleeping, and caused the same to explode, whereby she was killed.

The record discloses that Henrietta Wagner had been wildly infatuated with Alf Warren, the husband of decedent, Rosetta Warren, almost since his childhood;

that she claimed he had been her lover since he was ten years of age, and it is disclosed that in his youth for some years he had lived at her home, she at the time being a married woman. After so long a time, however, Alf Warren married Rosetta, who was at the time a widow with three small children. They lived together for some time and had no children, but at the time of the explosion she was just ready to present him with a child, and except for it would have done so in a day or two.

After their marriage the Wagner woman appears to have been almost insanely jealous, and to have nursed her real or fancied injuries until she determined to do one or both of them violent bodily injury. She appears never to have abandoned the idea of reclaiming Alf Warren for her own, and when she heard of the approaching event in his family she became obsessed with the conviction that if his wife ever bore him that child her chance to reclaim him would be gone, and she therefore determined to destroy the mother and incidentally the child before its birth.

The evidence discloses that several times after the marriage of Warren when the parties met there were violent quarrels and personal encounters, either between the Wagner woman and one of them, or between her and both of them; that upon one occasion she laid in wait and undertook to shoot Alf Warren, and it is inferentially, at least, shown that she burned or caused to be burned the lumber which Alf Warren had assembled for the erection of a home for his family.

The record discloses that the Wagner woman upon her separate trial under this indictment was found guilty, and is now serving a term of life imprisonment.

On the separate trial of appellant a number of things occurred which are complained of as reversible errors, but as the judgment must be reversed because of error in the instructions, it will be assumed that such errors complained of will not occur on another trial, and they will not be noticed.

This opinion will therefore be confined to a consideration of the two alleged vital errors, viz.: that the evidence did not make out a case of *prima facie* conspiracy so as to make competent certain threats and statements of Henrietta Wagner made outside the presence of appellant, and second that if such statements so made by Henrietta Wagner were competent, the court erred in

failing to instruct the jury under what circumstances it might consider such statements of Henrietta Wagner made outside the presence of appellant, as evidence against the latter.

The evidence discloses that appellant and Henrietta Wagner were very intimate friends and associates, and that at the time of the explosion had been for some years; that they had been often seen together on the streets in public places, many times during the previous few months, and that they were each frequent visitors to the home of the other; one lived a few squares from the Warren home in one direction, and the other a few squares from it in another; they often passed that home together and were seen peering into the home; when the Warren family lived outside of the city they were known to have driven by the country home several times, and to have been seen watching that place. The night before the explosion they were admittedly together, and Mrs. Wagner was at the home of appellant.

That night they together went to meet a train which was coming in from Cairo, and from that train went back to appellant's home where they remained together for some time, in fact up to within a few hours of the explosion, which occurred the next morning between four and five o'clock. In addition the thirteen year old daughter of Rosetta Warren, who was sleeping in a room adjoining that of her mother, testifies that the windows in her room were blown out by the force of the explosion, and that shortly after the explosion she stepped through one of those windows to the outside and there saw appellant, who was at that time the only person there.

It is likewise shown by another witness that upon an occasion some time previously when Henrietta Wagner was threatening to do violence to Mr. or Mrs. Warren and desired some one to go with her and be a witness to it, she in the presence of appellant offered to bribe another person to go with her, and offered that person $3,000.00, whereupon appellant said that she would go for $100.00.

In addition to this the deputy jailer testifies to a conversation he overheard between the Wagner woman and appellant after they had been placed in jail, and at a time when they did not know of his presence. The witness made a written memorandum of that conversation immediately after it occurred, and testified from that memorandum. It discloses statements by appellant

that are apparently inconsistent with the view that she had no connection with this crime.

The evidence further shows that appellant knew of the unreasoning enmity of the Wagner woman against the deceased woman, and was present upon more than one occasion when she had made threats against her. It further discloses that a short time before the explosion appellant and the Wagner woman met two of the dead woman's children at a certain corner near their home, and there one or the other of them in the presence of the other made threats against the mother of those children.

It is a recognized rule that direct evidence of the existence of a conspiracy is not essential, but that its existence may be shown by facts and circumstances, and we see no reason why if these potent facts which we have recited were believed by the jury it would not have been justified in finding the existence of such a conspiracy, or that they did not at least make out what is referred to in some of the opinions as a *prima facie* case of consipracy.

That being true the court did not err in admitting evidence of threats and other statements made by Henrietta Wagner outside the presence of appellant, if such threats and statements were made at a time when such conspiracy existed, and before its execution. Admission of such evidence is upon the theory that when two persons enter into an unlawful conspiracy to do an unlawful act, their conduct and speeches in pursuance of or about the execution of the unlawful conspiracy are competent against the coconspirator even though done and said outside of his presence, because each is presumed to be the agent of the other in the consummation of the unlawful act; but such acts and speeches are only competent against the coconspirator on his separate trial after there has been made out by the Commonwealth a *prima facie* case of conspiracy—that is, has produced such evidence of a conspiracy as would justify a verdict of its existence independent of and aside from the acts and speeches of the other conspirator outside the presence of the one on trial.

Similar questions have arisen and been considered by this court in several cases, and the rule as to the admission of such evidence seems to be as stated above; but under such circumstances it becomes the duty of the court to instruct the jury that if they believe from the evidence independent of and aside from the evidence of the acts and statements of the alleged coconspirator, done

and said outside the presence of the one on trial, beyond a reasonable doubt that such a conspiracy was formed and in existence at the time of such acts or statements, then they may consider such acts and statements of the conconspirator as evidence against the defendant on trial. But if they do not so believe beyond a reasonable doubt, independent of such acts and statements, they will not consider such acts. and statements of the coconspirator as evidence against the defendant on trial, but should return a verdict of not guilty.

This we believe to be the correct rule as laid down by the opinions of this court in the cases of Howard v. Com., 114 Ky. 372; Day v. Com., 173 Ky. 269; Stacey v. Com., 189 Ky. 402; Sain v. Com., 193 Ky. 215.

No such instruction was given in this case, and such an instruction as indicated should upon another trial be given in lieu of instruction M, dealing with the question of corroboration of the testimony of an accomplice. That instruction manifestly had no place in the case, for no one appearing to have been an accomplice of appellant testified.

The brief of the attorney general filed on this appeal admits that under these authorities the instructions of the court were incomplete and insufficient.

Because of the error indicated the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.