## Johnson v. Commonwealth.

(Decided Jan. 17, 1932.)

W. A. DAUGHERTY, for appellant.

BAILEY P. WOOTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

The appellant was convicted of the offense of voluntary manslaughter and sentenced to serve two years in the penitentiary. He appeals.

The indictment charges that the appellant entered into a conspiracy with his father, Willie Johnson, and others named in the indictment to kill Bill Turner, and that, pursuant to such conspiracy, Willie Johnson killed Bill Turner, the appellant being then and there present aiding, assisting, and abetting him in the killing. On this appeal but two grounds are relied upon for reversal: First, the appellant was entitled to a peremptory instruction, and, if in error as to this, then the verdict is flagrantly against the evidence. In support of his contention, the appellant argues at length that there was no evidence of any conspiracy between Willie Johnson and the appellant and the others named in the indictment to kill Bill Turner. However, even if this be conceded, the court did not submit to the jury any question of conspiracy but only the issue whether the appellant being then and there present, aided, abetted, and assisted Willie Johnson in the killing of Bill Turner. On this issue there can be scarce doubt that there was ample evidence to take the case to the jury and to sustain the verdict if the jury believed the commonwealth's evidence as it did and as it had a right to do. It was shown in the proof that on the night before Bill Turner was killed, he and Willie Johnson had an altercation which appears to have been adjusted. On the next morning, Willie Johnson and appellant left home together in an automobile to go to Wheelright. The commonwealth introduced witnesses who testified that, while Willie Johnson and appellant were riding

from their home towards Wheelright, the trouble of the night before was mentioned and appellant stated that his father was very angry about it and they were looking for Bill Turner. The proof for the appellant contradicts this testimony of the commonwealth but, of course, the jury had the right to believe that of the commonwealth. At all events, Willie Johnson and appellant, after going to Wheelright and after visiting a place where they twice partook of homebrew, arrived at the store of Lee Hall. They claimed to have gone there in an effort to collect some money from Lee Hall wherewith to pay an execution which Willie Johnson, who was a deputy sheriff, had against Lula Jones, who was a sister-in-law of appellant and who was along. When this party arrived at the store of Lee Hall, Bill Turner was in the store talking to Hall.

The testimony for the commonwealth is to the effect that Willie Johnson and appellant stayed out on the porch, Willie Johnson being on the steps leading from the porch to the ground. Lula Jones went in the store to see Lee Hall, and, as she did, Bill Turner smoking a pipe and with the pipe in his mouth came out on the porch. When Turner got out on the porch, Willie Johnson said to him: "I don't like the way you treated me last night, you treated me dirty;" and Turner replied: "I didn't treat you dirty, I was taking you home;" whereupon Johnson replied: "You are a dirty liar;" and pulled his gun on Turner. When he did this Turner reached for his gun but before he could get it, the appellant ran up behind him shouting: "Don't do that; drop that;" and punching his gun in the back of Turner; whereupon Turner held his own gun by his side and called to Lee Hall for help. As Turner called for help, he turned sideways towards Willie Johnson and started for the door. Willie Johnson grabbed him, threw him around, and shot him in the side. Turner staggered into the store and later died. According to the proof for appellant, when Turner came out on the porch he upbraided Willie Johnson for "messing in his business" and pulled his gun on Willie Johnson, and it was Willie Johnson who cried out: "Don't do that; drop that;" and thereupon Willie Johnson scuffled with Turner and in the scuffle shot him; appellant doing nothing but standing peacefully by on the porch and never having drawn his revolver. As stated, the jury had a

right to believe the evidence of the commonwealth, and, if it did, there was a plain case here, of appellant aiding, assisting, and abetting his father in the killing of Bill Turner. Perceiving no error, the judgment is affirmed.