## Johnson v. Commonwealth.

(Decided March 24, 1933.)

298

F. M. BURKE, WAUGH & HOWERTON, W. A. DAUGHERTY and B. M. JAMES and JOHN W. CAUDILL for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

The appellant was convicted of the offense of voluntary manslaughter and sentenced to serve 21 years in the penitentiary. He appeals.

This is a companion case to that of Mander Johnson v. Commonwealth, reported in 247 Ky. 280, 56 S. W. (2d) 968. The essential facts of both cases are the same, and, as they may be found in full in the Mander Johnson Case, they will not be repeated here.

As grounds for reversal, it is first insisted that the trial court erred in summoning a jury from Lawrence county without, as it is contended, having made a fair effort to obtain a jury from Floyd county, the place of the homicide and the trial. Section 194 of the Criminal Code of Practice and the case of Alsept v. Commonwealth, 245 Ky. 741, 54 S. W. (2d) 337, are relied upon.

In the Alsept Case, the record disclosed that the trial court on the motion of the commonwealth's attorney, and without more, summoned a jury from another county; nothing appearing in the record as to any effort having been made by the trial court to secure a jury from the county in which the trial was being had. In such state of case, it was held that section 194 of the Criminal Code of Practice had been plainly violated. The instant record, however, is quite different from that in the Alsept Case. It discloses that the appellant had been tried under an indictment for this homicide of Bill Turner, and his trial had resulted in a hung jury which had been summoned from Floyd county. After the trial the indictment under which it was had was dismissed by the commonwealth's attorney, and the instant indictment under which the appellant was tried and found guilty was returned in lieu of the dismissed indictment. The commonwealth's attorney then filed a petition for a change of venue, or, in the alternative, for the summoning of a jury from an adjoining county. He accompanied his petition with the necessary affidavits to show that it was impossible to get a fair and impartial jury from Floyd county to try this case. Appellant controverted the petition of the commonwealth's attorney and introduced affidavits to show that such a jury could be procured from Floyd county. Thus the trial court had before it the issue as to whether or not a fair and impartial jury could be obtained from Floyd county. He knew about the obtention of the former jury, and knew what difficulty, if any there was, in getting it together. He knew of its having hung. He had before him the evidence adduced on the commonwealth's petition for a change of venue, and, with all this, he came to the conclusion that a fair and impartial jury could not be obtained from Floyd county. The law does not require a vain or foolish thing, and if the trial court from competent evidence and relevant circumstances before it is convinced that a fair and impartial jury cannot be obtained from the county in which the trial is to be held, to try a cause, it is not required by section 194 of the Criminal Code to do the foolish and expensive thing of summoning in jurors to corroborate such evidence and relevant circumstances. Cf. Brafford v. Commonwealth, 16 S. W. 710, 711, 13 Ky. Law Rep. 154; Bowman v. Commonwealth, 146 Ky. 486, 143 S. W. 47. Here the experience of the trial

judge on the first trial of this case, coupled with the competent evidence he had before him as to the state of feeling in Floyd county in this case, justified him in summoning a jury from an adjoining county. As said in the Brafford Case, supra, these facts and circumstances were "sufficient to justify the action of the court, without needlessly [and we may add expensively] consuming time to accomplish what was obviously impracticable." The first contention of appellant must be disallowed.

It is next argued that the court admitted incompetent evidence. As is more fully set out in the opinion in the Mander Johnson Case, he and the appellant, together with the Joneses, were jointly indicted, charged with having entered into a conspiracy to kill Bill Turner, and having killed him pursuant to such conspiracy. The accused were tried separately. In the course of the admission of the commonwealth's testimony in the instant case, a Mrs. Collins was permitted to testify that Mander Johnson told her just before the homicide, in substance, that his father was awfully angry at Bill Turner because of the altercation they had had the night before, and that they were at that time in search of Bill Turner. Willie Johnson was not present at this conversation, and of course it was not admissible against him unless there had existed a conspiracy as charged in the indictment. On the appellant's objection to the introduction of this testimony, the court admonished the jury, in substance, that, unless they should believe after the close of the testimony beyond a reasonable doubt that a conspiracy had been established, they should disregard this testimony, but if they believed beyond a reasonable doubt that a conspiracy had been proven, they could then take it into account. As a matter of fact, and as stated in the Mander Johnson opinion, there was scant if any evidence of a conspiracy, and the court did not either in the Mander Johnson Case or in this case instruct on the issue of conspiracy. After the evidence had all been introduced, appellant never asked the court to take any further action about this testimony of Mrs. Collins. At the time the commonwealth did introduce this evidence, it was of course problematical whether a conspiracy would be established by the commonwealth or not. The court did all that it could do and should have

at the time. Skillian v. Commonwealth, 206 Ky. 586, 268 S. W. 299. It must be presumed that the jury obeyed the admonition of the court and declined to consider the testimony of Mrs. Collins when no issue of a conspiracy was submitted to them.

It is next contended that the self-defense instruction was erroneous. However, this exact instruction was approved by this court in the case of Caudill v. Commonwealth, 239 Ky. 712, 40 S. W. (2d) 334, and Hall v. Commonwealth, 242 Ky. 717, 47 S. W. (2d) 538, 539.

Lastly, it is contended that the argument of the commonwealth's attorney was improper and prejudicial, at least in two particulars: First, in the beginning of his closing argument, the commonwealth's attorney told the jury, in substance, that the reason that they had been summoned from another county to try the cause in hand was due to the fact that the court was unable to get a jury from Floyd county because of the state of lawlessness there existing. The jurors as sensible men knew that there was some impelling reason why they had to be summoned from an adjoining county to try a case in Floyd, and that reason necessarily had to be because the judge thought that the parties could not get a fair trial from a jury in Floyd county. There was nothing substantially told the jury but that it did not already know or accurately surmised. Perhaps it would have been better taste if the commonwealth's attorney had omitted this statement, but we do not regard it as prejudicial. The second particular in which it is claimed the commonwealth's attorney made an improper argument occurred at the close of his argument. At this point he adjured the jury to remember the testimony of Mrs. Collins concerning which we have commented above. Of course he should have made no reference to her testimony in view of the admonition of the court when that testimony was introduced, and in view of the fact that the court did not submit to the jury the issue of conspiracy, thus demonstrating that in his judgment there was no evidence to carry the issue of a conspiracy to the jury. However, we do not regard the comment prejudicial in this case. In the first place, there was other competent evidence tending to show that appellant and his son were out hunting Bill Turner the morning he was killed, and Mrs. Col-

lins' testimony added but little to it. Secondly, it must be presumed that the jury was fully conscious of the admonition of the court that they should not consider this testimony of Mrs. Collins unless a conspiracy were established, and, as the court had not even submitted that issue to them, they knew that they should not take Mrs. Collins' testimony into consideration. As between the commonwealth's attorney and the court, it ought to be presumed that the jury obeyed the court rather than counsel.

No error appearing prejudicial to appellant's substantial rights, the judgment is affirmed.