## HOWARD v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 27, 1953.

**630**

Howard Mann, Salyersville, for appellant.

J. D. Buckman, Jr., Atty. Gen., and John B. Browning, Asst. Atty. Gen., for appellee.

**WADDILL, Commissioner.**

Dexter Howard was convicted of voluntary manslaughter and sentenced to 18 years in the penitentiary. He seeks a reversal of his conviction upon the following grounds: (1) separation of the jury; (2) insufficient evidence to sustain the conviction; (3) erroneous instructions; (4) admission of incompetent evidence; and (5) error in summoning jury in violation of Section 194 of our Criminal Code of Practice.

Counsel for appellant states that the most serious violation of his rights occurred when the jury was permitted to separate. A hearing was conducted by the trial court which reflects that there was a physical separation of the jury on four occasions

during the progress of the trial. We shall consider them separately.

On the evening of January 22, 1952, near 7:00 p. m., all the jurors, accompanied by the sheriff, were walking in a group returning to their hotel for the night. As the group reached the Greyhound Bus Station restaurant, two of the jurors announced that they desired to purchase a deck of cards in order to alleviate the boredom of the evening. These two jurors entered the restaurant and the other jurors and the bailiff halted and waited on the sidewalk. The front part of the restaurant was constructed of glass and the lights were on in the restaurant. The two jurors advanced into the restaurant only so far as the show case located in the front part of the restaurant and upon being informed that the cards were not available they immediately rejoined the bailiff and the other jurors who were waiting outside.

Immediately thereafter the same two jurors announced that they would go into "Carpenter" store next door and get the cards. The jurors and the guard walked to the entrance of the Carpenter store. This store had a glass front and the interior was well lighted. There was no one in this store except a clerk at the time the two jurors entered. They immediately made their purchase and returned to the other jurors and the guard and proceeded to the Rice Hotel where they were quartered for the night.

The jurors occupied three rooms on the third floor of the hotel. Two of these rooms were adjoining rooms on one side of the hallway and the other room was directly across the hall. Apparently there was no one on this floor of the hotel except the jurors and the guard. The rooms occupied by the jurors were not connected and the doors locked from the inside. The guard's bed was out in the hallway at the head of the stairs where he could not fail to detect anyone using the stairs and where he could always see the doors of all the jurors' rooms. The rest room used by the jurors was located in the back of the hall on the second floor. On every occasion that the rest room was used by a member of the jury, all the jurors

went down together accompanied by the guard.

Further complaint is made that the jurors separated on the occasion of their visit to the Holbrook restaurant to obtain food. During the time the jury was being served with their food, there was no one in the restaurant except the jurors, the guard, the manager or clerk and the waitresses. After the meal was completed, the bailiff assembled the jurors and proceeded with them to the court house. While en route to the court house it was discovered that one of the jurors had not left the restaurant. The guard returned for him and met the juror and they then rejoined the other jurors and proceeded to the court house.

 The Criminal Code of Practice provision, Section 244, requiring that members of a jury of the same sex shall be kept together in charge of officers on the trial of offenses which may be punished capitally or by life imprisonment, is for the purpose primarily of assuring freedom from influence or the reception of information concerning the case other than during the progress of the trial in open court. It is in supplement of Section 246, Cr.Code of Practice, concerning the duty of jurors not to discuss the case among themselves or permit any one else to communicate with or speak to them on any subject connected with the trial. The trend of the rulings has been toward a liberal application and a construction that a substantial compliance with the statute was sufficient unless there was some fact or circumstances disclosed which indicated in some degree that a juror had been approached or an opportunity afforded for influencing him. Swanger v. Commonwealth, Ky., 255 S.W.2d 38; Minix v. Commonwealth, Ky., 249 S.W.2d 48; Horton v. Commonwealth, Ky., 240 S.W. 2d 612. Some other instances in which there was a jury separation but in which it did not appear that there had been any attempt to communicate with any separated juror and in which it was held not sufficient to warrant a new trial may be found in Shorter v. Commonwealth, 248 Ky. 37, 58 S.W.2d 224; Wilson v. Commonwealth, 243 Ky. 333, 48 S.W.2d 3; York v. Common-

wealth, 201 Ky. 431, 257 S.W. 38; Adkins v. Commonwealth, 197 Ky. 385, 247 S.W. 26; Wynn v. Commonwealth, 188 Ky. 557, 222 S.W. 955; Shackelford v. Commonwealth, 185 Ky. 51, 214 S.W. 788; Barnes v. Commonwealth, 179 Ky. 725, 201 S.W. 318.

Of course, different circumstances require different conclusions, not only as to whether the letter and the spirit of the statute were observed, but, of controlling importance, whether the transaction adversely affected the substantial rights of the accused.

In McElfresh v. Commonwealth, Ky., 243 S.W.2d 497 (cited in support of appellant's argument), it was shown that the jury's bailiff lodged the jury in a hotel for the night and then retired to another room in the hotel, locked his door and went to sleep, leaving the jury unguarded from about midnight until about 6:00 a. m. the next morning. Under those facts we held that there was a separation of the jury in violation of Section 244 of our Criminal Code of Practice.

However, in the instant case, we do not think appellant has shown anything more than instances of temporary withdrawal of a juror from the immediate presence of the jury's guard for innocent purposes.

There must always be kept in mind, particularly on a review by this Court involving a discretionary action of the trial court, the repeated admonition of the statute that a judgment of conviction shall not be set aside or reversed for any error when upon the consideration of the whole case the court is satisfied that the substantial rights of the accused have not been prejudiced thereby. Sections 271, 340, Criminal Code of Practice.

 Appellant next contends that the evidence is insufficient to sustain his conviction. The Commonwealth's evidence shows that during the afternoon of October 29, 1950, Ralph Combs, accompanied by two of his companions, drove to the home of Howard Smith for the purpose of buying some whiskey. Upon reaching the Smith's residence, Combs and his companions entered the house and asked Mrs. Smith for a pint of whiskey; that while the

632

transaction was being consummated the appellant appeared with a pistol and accused Combs of mistreating Mrs. Howard Smith. Combs denied the charge and he and his companions left the house. Appellant followed them to the porch and shot Combs without cause. Combs died the following morning. Appellant pleaded self-defense. The evidence offered in his behalf was to the effect that he shot Combs as Combs was advancing toward him with a knife in his hand threatening to kill him. The rule is, and has always been, that this Court will not disturb the jury's verdict if there is substantial proof to support it as it is solely within the province of the jury to weigh the evidence and to pass on the credibility of the witnesses. Jones v. Commonwealth, 307 Ky. 286, 210 S.W.2d 956; Shepherd v. Commonwealth, 306 Ky. 121, 206 S.W.2d 485; Devers v. Commonwealth, 305 Ky. 551, 204 S.W.2d 968.

We have no difficulty in concluding that the testimony in this case established the corpus delicti beyond a reasonable doubt. Powell v. Commonwealth, 308 Ky. 467, 214 S.W.2d 1002; Warmke v. Commonwealth, 297 Ky. 649, 180 S.W.2d 872; Denham v. Commonwealth, 239 Ky. 771, 40 S. W.2d 384.

Appellant objects to instruction No. 6 on the grounds that it did not define what rights appellant had if the deceased was about to enter the Smith home to commit a felony. The instruction given was very broad in its scope and covered every possible defense that appellant was entitled to under the evidence. In fact it is very favorable to appellant.

We shall not further encumber this opinion with a discussion of appellant's complaint of incompetent evidence as we consider his contentions in this respect to be frivolous.

Finally it is insisted that error was committed in summoning a jury from Floyd County. The record shows that the Commonwealth established on its application for a change of venue that a previous trial of the same indictment had resulted in a hung jury. The testimony heard on this motion is before us and we find that it amply supports the trial court's order. Denny v. Commonwealth, 274 Ky. 419, 118 S.W.2d 778. The facts in this case are similar to those appearing in Johnson v. Commonwealth, 250 Ky. 297, 62 S.W.2d 1025, and we there held the showing to be a sufficient compliance with Section 194 of our Criminal Code of Practice.

Perceiving no error prejudicial to appellant's substantial rights the judgment is affirmed.