**William Pet COSBY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 13, 1970.

Pat D. Rankin, Stanford, Henry C. Cox, Lancaster, for appellant.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

William "Pet" Cosby shot and killed J. W. West. Upon his trial for that homicide, the jury found Cosby guilty of involuntary manslaughter in the first degree, fixing his punishment at imprisonment for ten years. KRS 435.022(1). He seeks reversal of the judgment of conviction on the sole ground that the jury violated the court's admonition by discussing the case among themselves before it was submitted to them.

It is conceded that the trial judge properly admonished the jury as required by RCr 9.70. Part of that admonition was that the jurors "not converse among themselves on any subject connected with the trial" until final submission of the case to the jury. The parties had agreed that the jury could separate. RCr 9.66.

After all evidence was in, the defendant, the attorneys, and the trial judge repaired

to the court's chambers where the instructions were discussed and prepared. After completion of that task, they returned to open court, and the following discussions occurred:

"The Court: Ladies and Gentlemen of the jury, the Court would like to inquire of you whether you want me to instruct the jury now and you all deliberate on it today, or whether you want to quit and come back tomorrow. I'm going to leave that within the discretion of the jury. I have got the instructions prepared and the attorneys said they would like about fifteen minutes on each side in order to summarize their side of the case. I don't want to make an imposition upon this jury and therefore I would like to get the expression of the jury as to whether you want to come back tomorrow or what.

(One Juror): Judge, I have talked to several of us and every one I have talked to said if it is possible we would rather go ahead and complete it today.

THE COURT: Is that the will of the jury?

(Another Juror:) Why don't you ask for a show of hands?

THE COURT: How many would want to go ahead with it tonight?

(All twelve indicated by a show of hands that they would rather stay and complete the case.)

MR. RANKIN: (Of counsel for defendant.) This one said he had talked to a number of the jurors about this case. They're not even supposed to talk among themselves about the case. That indicates that there has been some arrangement or agreement apparently already reached.

(The Court and counsel confer.)

THE COURT: You mentioned there that you had discussed this—you weren't discussing the case, were you, or just whether you would finish it up tonight.

(Second juror who spoke previously:) We discussed whether we would want to go ahead tonight or wait until tomorrow.

THE COURT: Was there any discussion as to the facts of the case?

(Same juror:) No, sir, just whether we would finish up tonight or not."

■ With commendable candor appellant's counsel call attention to Howard v. Commonwealth, Ky., 255 S.W.2d 629, and the reference in 21 A.L.R.2d 1093 which recognize that the trend of court decisions is away from strict or technical application of the rule respecting conversations to or among jurors during trial. The gist of the matter is that absent some showing that a juror has been improperly approached, or that an opportunity for influencing a juror has occurred, substantial compliance with rules such as RCr 9.70 will suffice.

■ It needs no elaboration to deduce that no right of the appellant, substantial or otherwise, was violated in the circumstances presented. There was no prejudicial error, if any error at all. Watson v. Commonwealth, Ky., 444 S.W.2d 553; RCr 9.24.

Even if error had been committed (and we think none was), appellant sought no ruling or action by the trial court, so not even a claim of error appears for appellate review. RCr 9.22.

The judgment is affirmed.

All concur.