## Moore v. Commonwealth.

(Decided June 15, 1920.)

### Appeal from Kenton Circuit Court.

Criminal Law—Proof of Commission of Other Crimes.—Upon the trial of one accused of a crime, when the commission of the crime has been proven, the proof of other crimes under proper instructions of the court may be made, if the facts of the latter crime conduce to prove the identity of the accused with the perpetrator of the crime for which he is being tried.

JOHN L. CUSHING for appellant.

CHARLES I. DAWSON, Attorney General, THOMAS, B. Mc-GREGOR, Assistant Attorney General, and W. P. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, Henry Moore, was indicted, tried, convicted and sentenced to confinement, in the penitentiary, for a term of two years, for the crime of feloniously breaking the dwelling house of one Foster and feloniously taking away and stealing therefrom a watch and fifty cents in money. He appeals and asks, that the judgment be reversed upon the following grounds:

(1) "The verdict is against the evidence and is not sustained by a sufficiency of evidence."

(2) The court erred in admitting incompetent evidence against him.

(a) The evidence upon which the conviction was had consisted altogether of the proof of circumstances, but, when it is all considered together, the verdict is

not against the weight of the evidence, at all, and in our opinion is sufficient to sustain the verdict. The chief circumstances which went to make up the evidence of his guilt are that on the morning of the first day of February, at about four o'clock, some one entered the dwelling house of Foster by forcing open a window, with a chisel or "jimmy," and stole and carried away a watch of the value of $35.00 and fifty cents, in money, the property of Foster. Early in the morning a footprint was discovered, in the mud at Foster's yard, as if a person had jumped and alighted upon the foot. The heel of the shoe, as appeared from the track was of a very peculiar and uncommon shape and character, and such as had not been seen or used about Covington, where the crime was committed. Between four o'clock and five o'clock, upon the same morning and in the same immediate neighborhood, in West Covington, a man corresponding in height with the accused and wearing a soft, slouch hat, pulled well down over his eyes, entered the house of Mrs. Miller, and began to ransack the building, but, upon discovery fled out of the house. Near the same time, some one pried open a window to the house of Ross Sullivan, with the use of a "jimmy" or similar article, but, took nothing, though the burglarious intention was evident from the fact of evidence of searching for valuables. About the same hour a window of the dwelling of Hutchens was forced open in the way above described, and there was evidence of an attempt or an entry into the house through the window. These dwellings were all near to each other. When the party fled from the house of Mrs. Miller, she immediately notified the police, by telephone, and a policeman responded, and when near the house of Hutchens, a man corresponding in height and size to the accused, with a soft, slouch hat pulled low over his face sprang over the wall from Hutchens' yard, and ran. The policeman pursued him and discharged a revolver, at him, but he escaped. The policeman found an overcoat upon the wall, where the man sprang over it, and in the pocket of the overcoat was found a letter addressed to a woman, and requesting that she communicate with the writer by letter, and giving his address as 806 Barr street, Cincinnati, and subscribed with the name of the accused as the writer. The police officers of Cincinnati were notified, and going to 806 Barr street, the accused was found in bed and

asleep at 10 o'clock a. m. He claimed to have been engaged in a card party at the house until 3 o'clock a. m. when after having said his prayers, he had retired. He was brought to Covington and requested to write his address and a portion of the note found in the overcoat pocket at Hutchens' yard. These specimens of his handwriting were used as evidence upon the trial, and a striking similarity in the shape of the letters, and style of writing, appears between the writing done by the accused and the letter which was in the pocket of the overcoat found upon Hutchens' wall. A very strong odor of perfume was upon the overcoat, and an odor of the same perfume was conspicuous upon the clothing of the accused, when arrested. He had upon his feet a pair of shoes, which bore the strange and unusual character of heel, which would make the footprint discovered at Foster's yard, and the accused deposed, that he purchased the shoes in Alabama, where it was recommended to him, that the character of heels upon them would prevent him from "running them over." It was only a distance requiring ten to fifteen minutes in which to cover it on foot, from the end of the bridge over the Ohio river, at West Covington, to 806 Barr street, in Cincinnati. There was an absence of any reasonable explanations to remove the convincing force of the above detailed circumstances. The evidence was sufficient to require the submission of the cause to the jury and to sustain the verdict.

(b)   The evidence, which is complained of as being prejudicial, is the proof of the breaking of the dwelling houses of Mrs. Miller, Sullivan and Hutchens, and the rule of criminal procedure is involked which prohibits the proof being made against one on trial for a crime of the guilt of other crimes. This is a general rule, which applies to the admission of evidence, in a criminal trial, and its violation is always prejudicial, when the propriety of its admission does not fall within one of the exceptions to the rule, but, when the state of case allows one of the exceptions to the rule, the exception has the same force and is as valid as the rule itself, and in fact the exceptions constitute a general rule of evidence. The rule embodying the exceptions is thus stated in Clary v. Commonwealth, 163 Ky. 48, "When one is being tried for a crime the relevancy of the proof of other crimes of which he has been guilty, is only in cases

where a crime has been proven and proof of some other crime is necessary to identify the accused as the person who committed the crime proven, as above stated; or where it is necessary to show guilty knowledge in the accused it is relevant to prove, that at another time and place, not too remote, the accused committed or attempted to commit a similar crime to the one of which he is accused; or where it is necessary to show a particular criminal intent in the person on trial; or to show malice in him or the motive for the commission of the crime; or to show that the crime for which he is being tried is a part of a plan or system of criminal actions, it is relevant to prove against the accused under proper instructions of the court to the jury, other crimes of which the accused has been guilty.'' In Music v. Commonwealth, 186 Ky. 45. it was held that it was also relevant to admit evidence of a crime, other than the one for which the accused was on trial, when the crime charged is so interwoven with other offenses, that they cannot be separated.''

In the instant case, the proof of the crime of breaking into and stealing from the dwelling of Foster was proven, but, it was necessary to a conviction to prove that the accused was the individual, who did it. The breaking into the house of Hutchens was done in a similar way and for a similar purpose to the breaking into the house of Foster. The crimes were all committed in point of time, within the space of an hour and in the immediate neighborhood of each other, showing a systematic plan of criminal actions, and all fairly attributable to the same person. The evidence was relevant and competent as conducing to prove the identity of the perpetrator of the crime at Foster's, with that at Hutchens', whom the evidence conduced to prove was the accused. The principle above stated has been upheld by this court, in addition to the two cases mentioned, in Thomas v. Commonwealth, 1 R. 122; Tye v. Commonwealth, 3 K. L. R. 59; O'Brien v. Commonwealth, 24 K. L. R. 2511; Jenkins v. Commonwealth, 167 Ky. 544 and Richardson v. Commonwealth, 166 Ky. 570. That none of the evidence admitted was prejudicial to appellant's substantial rights is readily apparent when it is observed, that the jury fixed his punishment at the minimum allowed by law.

The judgment is affirmed.