## Blankenship v. Commonwealth.

(Decided October 6, 1925.)

## Appeal from Pike Circuit Court.

1.  Criminal Law—Argument of Counsel that Defendant Appeared in Court on Crutches, Whereas He Ordinarily Wore an Artificial Leg, Held Not Improper.—Where defendant, at time of combat out of which killing arose was wearing an artificial leg, but appeared at trial using crutches, argument of prosecuting attorney, "defendant . . . wears a cork leg when he is not here on trial in court, and when he is here on trial in court he wears his crutches," held not improper.

2. Homicide—Dying Declaration Held Properly Admitted in Evidence.—Dying declaration, made after deceased had been advised by physicians that he could not live 30 minutes, and after he had given up all hope of recovery, held properly admitted in evidence.

3. Homicide—Failure of Instruction to Contain Statement of Defendant's Right to Eject Deceased from His Home Held Not Error Under Evidence.—Where defendant testified that he had shot deceased because he had been assaulted and believed he was in danger, objection that instruction failed to contain statement of defendant's right to protect his home and eject deceased held not well taken; the instructions being more favorable than the proof authorized.

4. Criminal Law—Admission in Evidence of Clothing of Deceased Held Not Error.—Exhibition to jury of clothing of deceased, showing location of shots, held not error, though shooting was admitted.

STATON & KEESEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

The jury that tried him under an indictment charging the crime of murder found Dewey Blankenship guilty of manslaughter and fixed his punishment at confinement in the penitentiary for two years. He has appealed and the questions presented make a brief summary of the facts necessary.

The evidence for the Commonwealth tended to establish that a number of people—all drinking and some drunk—were at the home of appellant, Dewey Blankenship. Deceased, Corbet Phillips, in passing was attracted by the unusual noise at the house. Upon entering he found three or four of those present engaged in a combat. He and another undertook to separate the combatants. When they separated those fighting appellant and deceased were facing each other and after the exchange of a word or two appellant pulled his gun and shot deceased three times. After he did so deceased, who at the time had a pound can of carbide in his hand, struck appellant on the head with it. Deceased was carried to his home, where he died the following day.

The testimony for appellee tended to establish that the combat described by the witnesses for the Commonwealth, which was interrupted when deceased and an-

other separated the participants, was but a friendly "tussle" over a pistol, and that when deceased interfered appellant, Dewey Blankenship, told him that he had theretofore requested him to stay away from his home and ordered him to leave then; that he ordered him to leave his home three times; that instead of doing so deceased struck appellant on the head with a two-pound can of carbide which he had in his hand, inflicting a severe and painful wound, and that appellant thereupon shot him to avert from himself further injury or death. The testimony of the various witnesses differs in most of the details, but the foregoing general outline will suffice for the purposes of this opinion.

Misconduct of the Commonwealth's attorney in making the opening statement to the jury is urged as grounds for a reversal. The statement objected to is: "The defendant, Dewey Blankenship, wears a cork leg when he is not here on trial in court and when he is here on trial in court he wears his crutches. He had on his cork leg at this time, the time of his trouble." The facts are that appellant has lost a leg and appeared before the jury on crutches. The evidence discloses that at home on the day when he killed Corbett Phillips appellant was using an artificial leg and was not on crutches. It is doubtless true that appellant appeared before the jury when being tried without his artificial leg and on crutches in order to appear to the jury as little able as possible to engage in physical combat. Clearly the Commonwealth was entitled to prove that when appellant engaged in the combat he was not on crutches, but was wearing an artificial leg. There is no controversy as to the facts of the matter. The Commonwealth proved only the facts and the statement of the Commonwealth's attorney was but a statement of the facts expected and competent to be proved. Hence, there was no impropriety in the statement objected to and the trial court properly overruled appellant's objection thereto.

The dying declaration introduced in evidence is objected to by appellant. It appears, however, to have been made by deceased after a physician and surgeon examined him and advised him that he would not live longer than thirty minutes, and after deceased had evidenced by his own statements that he had surrendered all hope of recovery and fully realized that he was then *in extremis*. The dying declaration was reduced to writing and it concisely narrated the events which constituted

the *res gestae* of the transaction. It was devoid of the deceased's conclusions. In short, it measured up fully to the declared law of this state on the subject and was properly admitted and is not subject to appellant's complaints.

Appellant urges that instruction number 3 given by the court is erroneous and prejudicial. He complains that it did not advise the jury of his right to protect his home from deceased and his right to eject deceased from his home. In view of appellant's testimony as to why he shot deceased the court is of the opinion that the instruction given was even more favorable to him than necessary. While there was evidence tending to establish that appellant requested deceased to leave his home before he shot him and that deceased refused to do so, yet the appellant in testifying as to why he shot deceased stated that he did so, not because deceased had refused to leave his home when he requested him to do so, and not in an effort or in connection with an effort to eject deceased from his home, but that he shot deceased because deceased had assaulted him, struck him with a can of carbide and because he believed he was then in danger of death or great bodily harm at the hands of deceased. The instruction given advised the jury that if requested to do so it was deceased's duty to leave appellant's home, and that if he refused to leave upon being requested that appellant had the right to use all reasonable force to eject him. It would seem that the instruction in that particular was more favorable than the facts proved authorized. Appellant's objection to the instruction given was aimed solely at the feature above discussed and as shown is without merit.

Appellant insists that the exhibition of the clothing of the deceased was erroneous in that it was calculated to arouse the passion of the jury and was unnecessary as there was no controversy that accused shot deceased. However, the clothing of deceased was shown to be in the same condition when offered in evidence as when removed from deceased after he was shot, and this court has uniformly held that the clothing may be introduced in evidence in order that the jury from its inspection may be able to ascertain the location of wounds, the range of bullets, and other material facts that may be demonstrated thereby.

A careful review of the entire record convinces this court that appellant's trial was as free of error as could

well be and that the jury trying him was exceedingly lenient in the punishment inflicted. No reason has been suggested or presents itself to the court why the judgment should be disturbed, and it is affirmed.