## Fleming v. Commonwealth.

(Decided April 20, 1928.)

### Appeal from Pike Circuit Court.

1. Criminal Law.—Closing argument of commonwealth's attorney, in prosecution for murder, in referring to affidavit for continuance, setting out what absent witnesses would testify if present, which was read to jury, stating that absent witnesses if present would not have sworn as set out in affidavit, that defendant would not have put absent witnesses on stand if present, and that affidavit was made to deceive court and browbeat jury, was reversible error.

2. Criminal Law.—Where court refused to pass on objection of defendant to argument of commonwealth's attorney discrediting affi-

davit for continuance, and overruled objection thereto during course of argument, error in argument was not cured by court's admonition at end of argument that jury should not consider comment on affidavit of defendant, since court's ruling during argument authorized jury to believe that it was proper.

3. Homicide.—In prosecution for murder, evidence showing that prior to homicide defendant was running still near deceased's home, offered to show that defendant and deceased fell out over deceased's demand that defendant remove still under threat of having its presence revealed to revenue officers, held admissible.

4. Criminal Law.—Where evidence of another crime is introduced to show malice in accused or motive for commission of crime for which accused is being tried, such evidence is admissible.

STATON, KEESEE & BURKE for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

From the judgment entered on a verdict finding him guilty of willful murder and sentencing him to confinement in the penitentiary for life, appellant, Fleming, appeals.

The responsibility for the reversal of this judgment and the consequent expense which the state will be put to in trying the appellant a second time must rest squarely on the shoulders of the commonwealth's attorney, concerning whom in the case of Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164, we said:

"It is to be regretted that the prosecuting attorney wandered so far afield (in his argument); whether through lack of knowledge or through reckless indifference to the duties of his office, his conduct calls for a sharp reprimand."

In this case in his closing argument to the jury the commonwealth's attorney, among other things, said:

"The law of self-defense and reasonable doubt is the biggest joke of the day. . . . Then upon all that you remember these reasonable doubts are merely places of refuge for a guilty man to go in order to hide from the punishment that may be inflicted upon him."

Whether this alone would justify a reversal in this case we will not decide, although we are inclined to be-

lieve that the jury had too much sense to be misled by such novel theories of the law. Further along in this argument, in commenting on the affidavit for a continuance which was filed by the appellant, and which in so far as it set out what the witness for whose absence a continuance was sought would testify if present, was allowed to be read to the jury, the commonwealth's attorney said:

> "I don't care if the little girl in Jenkins has an affidavit that Bill (appellant) swore to. I don't give much credit to it. If you notice, at these trials we try them every one on affidavits; they put five or six people in it, moved off or dead, and he will sit back and say I can prove threats— (Objected to by defendant. Reserved.) When the truth is known, no doubt there is not a splotch of it the truth; and when they bring the witnesses in court they do not put them on the witness stand, and I don't believe they would have put these on. He said he could prove it, but he did that for the purpose of deceiving you; he said he didn't have them here, and presented them in affidavit form. It was an affidavit the defendant swore to in order to try the case. If we did not permit this, we would never get them tried, because there would always be one or two or five or six absent in order to get the case continued, or in order to browbeat the jury or deceive the court. (Objected to by defendant. Overruled. Exceptions.)"

A more highly improper argument it would be difficult to conceive. In Carroll v. Commonwealth, 92 S. W. 308, 29 Ky. Law Rep. 33, we said:

> "When a continuance is asked in a criminal case because of the absence of an important witness for the accused, and the court permits an affidavit stating the facts the absent witness would testify to, if present, to be read as the deposition of the witness, it is highly improper for the attorney for the commonwealth, or other counsel employed to assist the prosecution, to make any statement tending to discredit the statements of the absent witness, because they are contained in an affidavit made by the accused. Counsel may comment on and discuss the statement contained in the affidavit in the same manner that they could comment on and discuss the

evidence of a witness if he had testified in person; but beyond this it is not proper to go. The affidavit represents the absent witness. It contains what the commonwealth has consented may be read as his deposition, and any reference to or comment concerning it, as the affidavit of the accused, or as his statement of what the absent witness would say, is highly prejudicial, and has been frequently condemned by this court. When counsel made the objectionable statement before mentioned, he said in substance to the jury that Powell Carroll, if present, would not have made the statements contained in the affidavit for continuance because of his absence, although the commonwealth for the purpose of forcing the accused into a trial, over his objection, consented that, if present, he would have made these statements, and the fact that the court in the presence of the jury refused, when asked so to do by counsel for appellant, to reprove the attorney or admonish the jury that they must not consider his comment, probably left the impression on the mind of the jury that the court agreed with counsel that Carroll, if present, would not have made these statements, and thus aggravated the error committed by the attorney.''

In this Carroll case is collected a large number of authorities bearing on this point, which is too well settled a principle for us to believe that the commonwealth's attorney was ignorant of it. His argument was simply a statement that the absent witness if present would not have sworn as set out in the affidavit, and had the absent witness been present the appellant would not have put her on the stand, and that the affidavit was made to deceive the court and browbeat the jury. The Attorney General in his brief frankly confesses the error in this argument, but attempts to break its effect by pointing out that at the close of the argument when the appellant again moved to set aside the swearing of the jury and to continue the case on account of the argument the commonwealth's attorney had made the trial court admonished the jury, among other things:

''You will not consider his comment on the affidavit of the defendant. You will not consider that.''

It must be remembered that at one stage of the argument of the commonwealth's attorney the court refused to pass on the objection of the appellant to that argument, and that when the commonwealth's attorney had finished with that part of his argument bearing on this affidavit for a continuance the appellant again objected but the court overruled such objection. After the completion of the whole argument the court gave the admonition to which we have referred. We do not believe that this admonition cured the error in this case, especially in view of the fact that the court had overruled the appellant's objection to the complained of part of the argument at the time it was made. The court's ruling given while the argument was being made authorized the jury to believe that it was a proper argument. The appellant did not have many eyewitnesses to the homicide to sustain his theory of the case, and to destroy the effect of the testimony of one of such witnesses, as the commonwealth's attorney did by his attack on this affidavit, could not fail to be very prejudicial to appellant. Long after this argument had sunk into the mind of the jury and just before it was sent to its jury room, the court gave the admonition mentioned, but under the circumstances of this case, such admonition coming as late as it did and reversing the earlier ruling of the court, without more sharply impressing the minds of the jurymen with the utter impropriety of the commonwealth's attorney's argument, did not afford sufficient protection to the appellant. For this reason, the case will have to be reversed. Compare the Jones case, supra.

As this case must be tried again, we deem it proper to state that the appellant's contention that improper evidence was admitted over his objection cannot be sustained. He complains of evidence introduced to show that prior to the homicide of which he was convicted he was running a still up the hollow at the mouth of which was the home of the deceased. It was the commonwealth's theory, however, that the appellant and the deceased fell out over the deceased's demand that the appellant remove this still, failing which the deceased threatened to tell the revenue officers of its presence. Where evidence of another crime is introduced to show malice in the accused or the motive for his commission of the crime for which he is being tried, it is admissible. Moore v. Commonwealth, 188 Ky. 505, 222 S. W. 934. For

this reason the evidence complained of was clearly admissible.

Judgment reversed, with instructions to grant the appellant a new trial in conformity with this opinion.