## Belcher v. Commonwealth.

(Decided Sept. 30, 1932.)

, W. A. DAUGHERTY for appellant.

BAILEY P. WOOTTON, Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

On Sunday, April 24, 1932, Davis Belcher slew Garfield Smallwood, and when tried under an indictment for murder the jury disbelieved his plea of self-defense, found him guilty of manslaughter, and fixed his punishment at 18 years in the penitentiary.

For some purpose Smallwood had called on Belcher and the two had spent a large part of the afternoon sitting on the porch talking. Many passed and saw them there. Later Belcher hailed some travelers and asked them to give assistance to Smallwood, whom they found calling for help and lying on the porch in mortal agony and who died in a few minutes. One of these testified: "I walked up on the porch and he turned his head over to me and said, 'Reed I am killed.' I says, 'What is the trouble Garfield?' and he says 'Davis has killed me and I wasn't doing anything at all.' He said, 'Do something for me if you can.' "

The death of Smallwood was the result of three bullet wounds in his left breast that passed through his body, their exit on the opposite side of his body being about two or three inches lower than their entrance. Belcher claims Smallwood had insulted his wife, and when he interfered, that Smallwood said: " 'I will cut your G—— damn guts out,' and run his hand in his pocket and when he went to pull his hand I commenced shooting."

For reversal he urges that the court erred in overruling his motion for a directed verdict; but in view of the dying statement of Smallwood and other evidence, the case was properly submitted to the jury.

His next complaint is of the evidence. The court admitted over the objection of the defendant evidence that Smallwood's right hand was seriously crippled. This was properly admitted, for it threw light upon whether or not Belcher had reasonable grounds to believe himself in danger when he did this shooting.

Over Belcher's objection the court allowed the bloody clothing taken off of Smallwood after he died to be exhibited to the jury. This gruesome exhibit he contends proved no fact the defendant did not admit and was therefore improperly admitted. In support of this he cites Wharton on Homicide (3d Ed.) sec. 610, and McKay v. State, 90 Neb. 63, 132 N. W. 741, 39 L. R. A. (N. S.) 714, 719, Ann. Cas. 1913B, 1034. He overlooks the fact that he had not then testified and the location of these wounds he had not then admitted. This evidence was proper.

His final contention is that the verdict is flagrantly against the evidence, and while the commonwealth's evidence is meager, so is that of the defendant; but the man was killed, and the jury was properly allowed to weigh what evidence there was and to say whether or not the admitted act of Belcher, in killing him, was excusable.

The judgment is affirmed.