## Gross v. Commonwealth.

(Decided June 19, 1934.)

WILLIAMS & ALLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Troy Gross has appealed from a judgment sentencing him to twenty-one years' imprisonment for the crime of manslaughter. He insists that the judgment should be reversed because the verdict is flagrantly against the evidence, incompetent evidence was admitted over his objections, and the instructions are erroneous.

Appellant shot and killed Clarence Combs on Sunday afternoon, September 24, 1933. On the same day religious services had been held in a cemetery near their homes, and both were present. Combs was accompanied by three young women, two of them his kinswomen, and the other his fiancee. Appellant sat down near them and began talking audibly during the sermon. The young women complained, and Combs told appellant that he ought to keep quiet or leave the meeting. This seemed to enrage Gross, and shortly after the meeting he was heard making threats against Combs. There was ill feeling between them, and there was evidence that about two weeks before the homicide appellant threatened to kill the deceased. After appellant left the meeting at the cemetery, he and three companions engaged in a card game in a woodland near his home and just off the public road. The deceased arrived on the scene, cursed appellant, and threatened to strike him with a club. Appellant left and went toward his home, which was a few hundred yards away. The deceased

took appellant's place in the card game, and after a lapse of a few minutes appellant returned, armed with a shotgun, and invited Combs to get up and fight. According to one of the witnesses, he said: "If you want to fight now, come on, God damn you." Combs, who was sitting on the ground, got up, and, with a stick 'n his hand, started toward appellant, who stepped back two or three steps and told Combs to stand back. Combs failed to heed the warning, and appellant shot and killed him.

The foregoing recital of the facts shows the lack of substance in appellant's contention that the verdict is flagrantly against the evidence. Under the evidence for the commonwealth, the jury might well have found him guilty of murder, but it was no doubt induced by reason of his youth to return a verdict for the lesser degree. At the time of the homicide he was less than 17 years of age. After two altercations with the deceased earlier in the day, he left a place of safety and, armed with a shotgun, sought out the deceased with the evident purpose of killing him after provoking him into an assault. The evidence was amply sufficient to sustain the verdict.

Appellant complains because the trial court permitted the clothing which the deceased was wearing at the time he was killed to be introduced in evidence. The only reference to the matter in the record is found in the transcript of the testimony of Andy Combs, a brother of the deceased. He was asked to unroll the clothes and show them to the jury, whereupon the defendant objected, and the trial judge announced he would rule on the matter later. It is not clear whether or not the clothes were exhibited to the jury, but, conceding that they were, there is nothing tending to show that appellant's substantial rights were prejudiced. It has been uniformly held by this court that clothing found on a deceased person at the time of his death may be introduced in evidence if it is shown to be in the same condition as at the time of the killing. Belcher v. Commonwealth, 245 Ky. 125, 53 S. W. (2d) 214; Tackett v. Commonwealth, 229 Ky. 312, 17 S. W. (2d) 241; Blankenship v. Commonwealth, 210 Ky. 413, 276 S. W. 112; McCandless v. Commonwealth, 170 Ky. 301, 185 S. W. 1100.

The usual instructions on murder and manslaughter were given, and no complaint of them is made, but appellant does complain of the self-defense instruction be-

cause it was qualified in that the court told the jury the defendant could not be acquitted on the ground of self-defense if they believed from the evidence beyond a reasonable doubt that the combat was voluntarily engaged in by both the defendant and the deceased with the intention on the part of each to kill the other or that the defendant when he was in no danger of death or great bodily harm at the hands of the deceased began the difficulty by making a demonstration to shoot him and so made the danger to himself excusable on the part of the deceased in his necessary, or apparently necessary, self-defense. The qualification of the defendant's right of self-defense was proper. There was evidence from which the jury might infer that the defendant and the deceased voluntarily entered into the combat with the intention of killing each other and that the defendant began the difficulty when he was in no danger, real or to him apparent, of death or great bodily harm at the hands of the deceased. Gardner v. Commonwealth, 240 Ky. 283, 42 S. W. (2d) 319. It is insisted, however, that the jury should have been told that, if the defendant in good faith had abandoned the difficulty, even though he had begun it, he had the right to defend himself against the attack made on him by the deceased. Where there are facts authorizing the inference that the accused in good faith had abandoned the difficulty, such an instruction should be given, but it would be a dangerous rule to require the giving of this instruction under facts like those in the instant case. It would merely encourage a person with a homicidal intent to provoke his intended victim into making an assault and then, after retreating slightly, to carry out' his plan to kill him.

A careful review of the entire record reveals no error sufficiently prejudicial to authorize a new trial, and the judgment is affirmed.