# Horton v. Commonwealth.

January 24, 1950

Ray C. Lewis, Judge.

Roy W. House, for appellant.

A. E. Funk, Attorney General, H. D. Reed, Jr. Assistant Attorney General, for appellee.

JUDGE KNIGHT—Reversing.

Appellant was convicted in the Clay Circuit Court of the willful murder of Hugh Gregory, and his punishment fixed at life imprisonment. He appeals from that judgment.

Appellant is twenty-one years old and married, while his victim was twenty-five and unmarried. They lived in the same locality and there had been no previous trouble between them. The case follows somewhat the pattern of many murder cases we have before us from the mountain section in which during periods of idleness a visit is made to a roadhouse or someone's home, gambling is started, whiskey is freely consumed, an argument starts from some triviality, passions flare, concealed weapons appear, the shooting starts and in the end someone is dead, sometimes at the hand of his best friend.

On the afternoon of the killing on November 27, 1948, appellant, the deceased, two of the latter's brothers and a cousin, and others, were engaged in a poker game at the home of appellant near Hima on highway No. 80, and there was drinking during the progress of the game. The game broke up about dusk and all the participants left, apparently for the purpose of obtaining something to eat at a nearby store or restaurant. Most of the participants left by way of the front door toward the highway while appellant went out through the back way in order to close the back door, and was somewhat behind the others as they went toward the highway. The testimony as to where the killing occurred is not clear and is conflicting. That for the Commonwealth is that it occurred on the highway near the home of appellant, and that for appellant is that it occurred on or near the front porch of Boss Fisher, also on highway No. 80 about one hundred yards from appellant's home. Nor is it clear from the conflicting testimony how the killing occurred. There had apparently been no trouble until the parties came out onto the highway from the poker game. The implications from the testimony are that appellant had won most of the money of the others in

the game and they were trying to get part of it back, or, as appellant contends, sell him some whiskey so they could get back into the game. At any rate, someone called someone a son of a b——, and a fight started which resulted in the death of Hugh Gregory with a .38 caliber bullet wound in his left breast, one in his right breast, one in his left wrist, and one in his right wrist.

It will not be necessary for us to consider in any detail the conflicting evidence since appellant in his brief admits that "the evidence is conflicting and it cannot be said there is no evidence to support the verdict of the jury." It is sufficient here to say that the evidence presents a close question, whether the killing was unjustifiable or whether it was done in necessary self-defense. That was a question for the jury, but in a close case of this kind it is especially important that the case be so presented to the jury that they will not be swayed by matters not germane to the issues involved. We do not think that was done in this case and will consider the three grounds relied on by appellant for reversal: (1) admission of incompetent evidence; (2) improper argument of Commonwealth's attorney; (3) refusing to grant a new trial on newly discovered evidence.

### Incompetent Evidence.

The Commonwealth, over appellant's objection, was permitted to introduce the bloody clothing worn by the deceased at the time he was killed. This included a black lined navy coat which was shown by his mother who testified that her son had been in the navy during the late war. The clothing exhibited proved no material fact in this case and its introduction by the mother, who, it is said in brief of counsel, wept openly before the jury, apparently served no purpose but to incite the sympathy of the jury and arouse their passion against the defendant. We do not say that clothing worn by deceased may not be produced under proper circumstances when some material fact is shown thereby, and we have so held. See Gross v. Commonwealth, 255 Ky. 88, 72 S. W. 2d 1017. In the present case, location of the bullet holes in the body of the deceased was shown by the undertaker, there was no denial by appellant that he had killed deceased, and the introduction of the clothing in this particular case served no useful

purpose but was calculated to inflame the jury, and was therefore prejudicial. In the next trial it will not be permitted.

Complaint is also made by appellant that the father of deceased was permitted, over objection, to testify that he, the father, did not own a pistol. Since the father was not at the scene of the killing and had no part in the events that led up to it, this testimony was immaterial, though not prejudicial. He also testified, but without objection, that neither deceased nor the other two sons at the scene of the fight owned or carried any kind of pistol. Since the Commonwealth had the right to show that the Gregory boys were not armed at the time of the affray, whether they owned and carried guns might have had some bearing on that question. Certainly this testimony was not prejudicial.

Complaint is made by appellant that testimony was permitted tending to show that he was engaged in selling liquor and his case was prejudiced before the jury when that was not the crime for which he was being charged. The record shows some five or six instances in which witnesses testified that they went to the home of appellant for the purpose of buying liquor or that they bought liquor from him. The record does not show that objection was made to these questions as asked, but appellant's attorney says he objected to this line of testimony when it was mentioned in the opening statement of the Commonwealth's attorney and later moved to exclude it at the conclusion of all the testimony for the Commonwealth which motion was overruled. There was some testimony concerning the drinking of whiskey and the sale of it that was necessary to show the background of the killing because of the testimony of the appellant that some of the Gregorys were trying to sell him liquor so they could get back into the game, and testimony of some of the Gregorys that appellant was asked to give them some whiskey as he had won all their money. At the conclusion of the evidence the court made a very complete and clear admonition to the jury not to consider as evidence against defendant any testimony about the selling or drinking of whiskey or gambling which testimony he said was permitted only for the purpose of showing the conduct of the parties up to the killing. This admonition was correct and pro-

per but on a new trial the court should go further and exclude, if objected to, evidence tending to show that appellant was engaged in the sale of liquor since that is not the crime for which he is being tried and such testimony, where not an essential element in the case, is prejudicial. The important thing in this case is what happened after the parties got out on the highway after the drinking bout and poker game, since there appears to have been no dispute or trouble up to that point.

### Improper Argument

In his brief appellant's counsel quotes the following statements as being part of the closing argument of the Commonwealth's attorney:

"If the jury is going to turn loose a man who was selling liquor, who took the man out of this coat, the arms of the boy who wore it for you and me, then you had as well quit.

"The defendant was selling everybody liquor that wanted it."

Since the alleged improper remarks appear only in the brief of counsel and in his motion and grounds for a new trial and are not included in the bill of exceptions, we cannot consider them as a ground for reversal. Hall v. Commonwealth, 283 Ky. 778, 143 S. W. 2d 495. However, upon the next trial such remarks should be omitted. The reference in the above quoted remarks to the "coat of the boy who wore it for you and me," and the remark that "the defendant was selling everybody liquor that wanted it" would be improper and prejudicial in view of our ruling herein that testimony concerning the clothes worn by the deceased and sale of liquor by appellant should not be admitted.

### Newly Discovered Evidence

Since the case is being reversed for a new trial, it is unnecessary for us to consider the third ground for reversal relied on by the appellant.

### Conclusion

For the reasons herein indicated the judgment of the lower court is reversed with directions to grant the appellant a new trial and for proceedings consistent with this opinion.