MINIX v. COMMONWEALTH.

Court of Appeals of Kentucky.
May 16, 1952.

Marcus Mann, and Mann & Mann, all of Salyersville, for appellant.

J. D. Buckman, Jr., Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Clayton Minix, was convicted of the murder of Polly Arnett and was sentenced to life imprisonment. He seeks reversal of the judgment upon the following grounds: (1) Refusal of the court to grant him a continuance; (2) permitting the jury to separate; (3) admitting incompetent evidence and in excluding competent evidence; and, (4) prejudicial argument of the Commonwealth's Attorney.

The evidence disclosed that the deceased, Polly Arnett, had once been the wife of appellant, but at the time of her death was divorced from him and married to Garnett Arnett. On the afternoon of February 20, 1951, Polly left her home and walked to the post office in Royalton, Kentucky, to receive her mail. She wore slacks, a sweater

and carried a pocketbook. After leaving the post office she crossed the street and met the appellant. There were several eyewitnesses to the tragedy and their versions of the affair were substantially the same. They testified that while appellant and Polly were conversing he opened fire upon her with a pistol, the shot striking her in her left arm; that she then moved toward appellant pleading with him not to kill her. After several minutes had elapsed, appellant fired the second shot into her body above the navel, causing her to fall prostrate. Her plea to spare her life continued and then she asked appellant to lift her off the street. Appellant then took her right hand with his left hand and pulled her into a sitting position and as he did so, his pistol again fired, this bullet passing near her head, but harmlessly into the ground. By this time several persons had arrived on the scene and they disarmed appellant. An ambulance was summoned which conveyed Polly to a hospital in Paintsville, Kentucky, where she died approximately 15 minutes after arriving there. Upon trial appellant pleaded self-defense.

Appellant's contention that the trial court erred in overruling his motion for a continuance is without support from the record. The basis of the motion was that he had been denied bail and had been incarcerated and, therefore, he had not had an opportunity to discuss the case with his counsel or to locate and talk with his witnesses, or to otherwise prepare his case for trial.

■ The homicide occurred on February 20, 1951. On the same date appellant waived examining trial. Later he was denied bail. There was an interval of 57 days between the time of the killing and the date he was brought to trial. There is no showing, nor is it alleged by appellant, that during the period of his incarceration he was denied the right to see and consult with his attorneys. His motion and affidavit do not state the names of his absent witnesses, nor does he allege that if he was granted a reasonable time he could locate them. It is significant that appellant does not set forth in his motion, nor in his supporting affidavit, what evidence he expects to show

by the alleged absent witnesses if they were present in court. We will not close our eyes to the fact that appellant introduced six witnesses in his behalf, two of whom were eyewitnesses to the shooting. We further observe that appellant was represented by three attorneys whose efforts saved him from capital punishment which the jury was authorized to inflict under the evidence. It is our conclusion that appellant's claim of unpreparedness for trial was discredited by the showing of facts made by the record.

■ It has been uniformly held by this Court that the granting or refusing of a continuance is a matter within the discretion of the trial court and such discretion will not be interfered with unless it is clearly made to appear that it has been abused. McDaniel v. Commonwealth, 246 Ky. 688, 56 S.W.2d 340; Brandriff v. Commonwealth, 227 Ky. 389, 13 S.W.2d 273; Harris v. Commonwealth, 214 Ky. 787, 283 S.W. 1063. The record clearly shows that the trial court did not abuse its discretion in overruling the motion for a continuance.

It is next urged that the officer in charge of the jury permitted the jury to separate in violation of Section 244 of the Criminal Code of Practice. On the first day of the trial the Commonwealth and defendant had accepted seven persons as jurors and had tentatively selected three other persons for jury service. After court had adjourned for the night, these jurors and the three prospective jurors while accompanied by the guard assigned them by the court, attended a church service at a schoolhouse located approximately three miles from the court house. They traveled in two automobiles owned by members of the jury. It was established that the guard rode in the automobile that closely followed the other car to and from the service. At the church meeting there were approximately twenty-five persons, consisting of men, women, and children. According to the guard's affidavit, he could observe the jurors during the service and no one talked with any of the jurors about the case.

In Belcher v. Commonwealth, 247 Ky. 831, 57 S.W.2d 988, the jury was transported in two automobiles, one driven by

the sheriff and the other by a juror, to visit a scene in controversy. The opinion stated that the record failed to disclose that the automobiles were out of sight of each other during the trip, or that any person had conversed with the jury and no facts were pointed out from which it could be inferred that the protection intended by the requirement of Section 244 of the Criminal Code of Practice was violated.

In Clemens v. Commonwealth, 224 Ky. 370, 6 S.W.2d 483, while the case was under consideration the jury attended a baseball game; in Mansfield v. Commonwealth, 163 Ky. 488, 174 S.W. 16, the jury was in attendance on three successive nights at a picture show; and in Wynn v. Commonwealth, 188 Ky. 557, 222 S.W. 955, the jury was permitted to go to a skating rink where one of the jurors assisted the musicians. In each of these cases the jury was accompanied by a guard. The court held in each instance that there had not been such a separation of the jury that would require reversal of the conviction. Also see, Horton v. Commonwealth, Ky., 240 S.W.2d 612.

 The provisions of the law, Section 244, Cr.Code Prac., requiring the jury to be kept together during the trial is a precautionary measure promulgated for the purpose of protecting the jury from outside influences that might seek to corruptly induce its members to return a verdict not supported by the testimony heard during the trial. It is required in the interest of fairness and justice, and one relying upon its violation should point out some fact or facts from which it might be inferred that the protection intended by the requirement was violated. Belcher v. Commonwealth, 247 Ky. 831, 57 S.W.2d 988. In view of the above cited cases it is clear that this ground is without merit.

 Appellant further urges that prejudicial error was committed by the court in permitting incompetent evidence to be introduced. He points out that notwithstanding the court's ruling sustaining his objection to the introduction of deceased's sweater in evidence, that the Commonwealth's Attorney examined the sweater in the jury's presence and the jury had an opportunity to observe it. While the action of the Commonwealth's Attorney was contemptuous, a complete answer to this contention is that appellant obtained a ruling more favorable than he was entitled to receive. Under his plea of self-defense, appellant testified that he fired the second shot at deceased to prevent her from using a pistol which he thought she had concealed under her sweater. Therefore, the sweater, its size, texture and kind was admissible in evidence as pertinent to the issue as to whether the deceased could have concealed a pistol in or under the sweater. For this reason the case of Horton v. Commonwealth, 312 Ky. 63, 226 S.W.2d 526, is not controlling as the sweater would serve to establish a fact in issue, other than the location of the bullet wounds. Also, we find that the testimony of the witness, Virginia Collins, as to the statement made by Polly Arnett shortly before her death, was competent, as the evidence shows that Polly made the statement to the witness under such circumstances as to make it competent as a dying declaration. Lyons v. Commonwealth, 216 Ky. 202, 287 S.W. 534; Thomas v. Commonwealth, 195 Ky. 623, 243 S.W. 1; McHargue v. Commonwealth, 23 S.W. 349, 15 Ky.Law Rep. 323, 324.

 The competent evidence that appellant claims he was deprived of consists of threats made against him by the deceased. We have examined the record and find that appellant was permitted to testify concerning receiving these threats, but objections by the Commonwealth were sustained in two instances where appellant was asked as to the exact words contained in the threats. The court should have permitted appellant to answer these questions. McCandless v. Commonwealth, 170 Ky. 301, 185 S.W. 1100; Roberson's New Kentucky Criminal Law & Procedure, Second Edition, § 436, p. 576. However, in other parts of appellant's testimony it appears that he was permitted to state that he had received threats made by Polly and that he was afraid she would kill him. The jury, thereby, was informed of the substance of the threats, and although the ruling of the court was erroneous, it was not prejudicial.

Morrison v. Commonwealth, 74 S.W. 277, 24 Ky.Law Rep. 2493; Young v. Commonwealth, 29 S.W. 334, 17 Ky.Law Rep. 18.

 Appellant's final ground for reversal is the alleged misconduct of the Commonwealth's Attorney in his closing argument to the jury. The statements that appellant claims were improper do not appear in the bill of exceptions and therefore cannot be considered as grounds for reversal. Alder v. Commonwealth, 215 Ky. 613, 286 S.W. 696; Hopkins v. Commonwealth, 210 Ky. 378, 275 S.W. 881.

We have considered this case carefully, and can find no error prejudicial to the rights of the appellant.

Judgment affirmed.